# Chancellor *v.* Donnell.

*Bill in Equity for Removal of Administration of Decedent's Estate, and Cancellation of Conveyances.*

1. *Cancellation of conveyances; burden of proof as to mental soundness.* In a suit between the several children of a decedent, the complainant seeking the cancellation of certain conveyances executed by the decedent in his life-time to the several defendants, on the ground that he was of unsound mind at the time of their execution, the presumption being in favor of sanity, the *onus* is on the complainant to overcome it by at least a preponderance of the evidence.

APPEAL from the Chancery Court of Dale.
Heard before the Hon. JOHN A. FOSTER.

M. E. MILLIGAN, for appellant.

WALKER, J.—The appellant is a daughter of Thompson Donnell, deceased. She filed her bill in this case for the removal of the administration of her father's estate from the Probate Court into the Chancery Court, and for the cancellation of certain conveyances of land executed by her father to her three brothers and her sister, who are parties defendant to the bill. The conveyances are attacked on the grounds, that when they were made the grantor therein was not mentally competent, and that he was unduly influenced to execute them. The Chancery Court, by the decree which

[Chancellor v. Donnell.]

is appealed from, took jurisdiction of the administration of the estate of Thompson Donnell, deceased, but refused to disturb the conveyances made by him in his life-time to his children.

The decree was adverse to the appellant only so far as the validity of the conveyances was sustained. The burden was upon her to show that the grantor in the conveyances was mentally incompetent at the date of their execution. The presumption of mental soundness must be overcome by proof. The evidence is in some conflict upon the question of Thompson Donnell's mental condition in December, 1886, when the deeds were made. He was then an old man, and had had an attack of sickness in the summer of 1885. From that time, according to the complainant's contention, his mind was impaired, and he was not, during the year 1886, mentally competent to attend to ordinary matters of business. The defendants, on the other hand, offered much evidence tending to show that, while Mr. Donnell's health was not as good as it had been before his sickness in 1885, yet he so far recovered that he was able to get about and to manage his affairs as intelligently as he did formerly, until the Spring of 1887, when he was stricken with paralysis. It is conceded that, after the last mentioned attack, his mental faculties were seriously impaired. No good purpose would be served by a discussion of the voluminous evidence in the case. The impression made by a careful review of all the proof is, that when the deeds were executed Thompson Donnell was fully competent mentally to manage his own affairs, and that he executed the deeds voluntarily and with an intelligent comprehension of their import. We are fully satisfied that it was not shown by a preponderance of the evidence that, at the date of the deeds, the grantor was mentally incompetent to convey his property. The charge that the deeds were executed under duress or undue influence is unsupported, and is clearly negatived by the evidence introduced by the defendants. We concur in the conclusion of the chancellor that the attack upon the deeds was not sustained. The complainant has nothing to complain of in any other feature of the decree.

Affirmed.